UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61898-CIV-COHN/SELTZER

CHANEL, INC.,
a New York corporation,

      Plaintiff,

v.

LIU XIN, an individual, and DOES 1-10,

      Defendants.
_____/

**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

**THIS CAUSE** is before the Court upon Plaintiff Chanel, Inc.'s Motion for Entry of Final Default Judgment Against Defendant [DE 13].  The Court has carefully considered the motion, the accompanying declarations, and the record in this case, including the Complaint [DE 1], the Proof of Service [DE 8], the Proof of Service by Publication [DE 10], the Clerk's Entry of Default [DE 12], Defendant Liu Xin's failure to respond to the instant motion, and is otherwise advised in the premises.  It is thereupon

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Final Default Judgment Against Defendant [DE 13] is **GRANTED**, and judgment is hereby entered in favor of Plaintiff Chanel, Inc., a New York corporation with its principal of business located at Nine West 57th Street, New York, New York 10019, and against Defendant Liu Xin on all Counts of the Complaint as follows:

    1.    Permanent Injunctive Relief:

        Defendant and his officers, agents, servants, employees and attorneys, and all persons acting in concert and participation with Defendant are hereby permanently restrained and enjoined from:

        a.    manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods using the Plaintiff's trademarks identified in Paragraph 10 of the Complaint (the "Chanel Marks");

b. using the Chanel Marks in connection with the sale of any unauthorized goods;

c. using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant offered for sale or sold via the domain names identified on the attached Schedule "A" (the "Subject Domain Names") and/or any other website or business, as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

d. falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

e. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant offered for sale or sold via the Subject Domain Names and/or any other website or business are in any way endorsed by, approved by, and/or associated with Plaintiff;

f. using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant via the Subject Domain Names and/or any other website or business, including, without limitation, handbags, wallets, costume jewelry, including bracelets, earrings, and necklaces, brooches, belts, shoes, socks and watches;

g. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendant via the Subject Domain Names and/or any other website or business, as being those of Plaintiff or in any way endorsed by Plaintiff;

h. otherwise unfairly competing with Plaintiff;

i effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above; and

j. using the Chanel Marks, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendant, including the Internet websites operating under all of the Subject Domain Names.

2. Additional Equitable Relief:

   a. In order to give practical effect to the Permanent Injunction, the Subject Domain Names are hereby ordered to be immediately transferred by Defendant, its assignees and/or successors in interest or title, and the Registrars to Plaintiff's control. To the extent the current Registrars do not facilitate the transfer of the domain names to Plaintiff's control within five (5) days of receipt of this judgment, the United States based Registry shall, within thirty (30) days, change the Registrar of record for the Subject Domain Names to a United States based Registrar of Plaintiff's choosing, and that Registrar shall transfer the Subject Domain Names to Plaintiff;

   b. Upon Plaintiffs' request, the top level domain (TLD) Registry for each of the Subject Domain Names, within thirty (30) days of receipt of this Order, shall place the Subject Domain Names on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the Registry which link the Subject Domain Names to the IP addresses where the associated websites are hosted.

3. Statutory damages:

   a. Award Plaintiff $240,000.00 pursuant to 15 U.S.C. § 1117(c);

   b. Award Plaintiff $100,000.00 pursuant to 15 U.S.C. § 1117(d);

4. Costs of Suit: award Plaintiff $700.00 pursuant to 15 U.S.C. § 1117(a).

5. Interest from the date this action was filed shall accrue at the legal rate.

   See 28 U.S.C. § 1961.

6. Any pending motions are **DENIED as moot**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 11th day of January, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

**Schedule "A"**

fakechanelbags.us

replica-chanel.us

wholesale-jewelrys.us